Argued January 29; affirmed February 11, 1936.

## FAZIO *v.* FAZIO

(54 P. (2d) 289)

*McDannell Brown,* of Portland, for appellant.

*Robert J. Creamer,* of Portland, for respondent.

BAILEY, J.  On April 20, 1934, the circuit court for Multnomah county, Oregon, entered a decree granting to Amelia B. Fazio, plaintiff, a divorce from Andrew Fazio, defendant, and awarding to the plaintiff the custody of the child of the parties, aged two and one-half years.

Through other attorneys than the one who represented her in the divorce suit, the plaintiff on May 5, 1934, filed a petition to set aside the decree of divorce in so far as it affected the amount allowed her for her support and that of the child.  The defendant answered, resisting this petition and asking that the decree be modified by awarding the custody of the child to him, for the reason "that the plaintiff is not a fit and proper

person to have the care, custody and control of said minor child, and is not a person of fit moral character or sufficiently regular habits to provide said child with a proper, safe and healthy place to live". This answer was filed on June 12, 1934, and on the following day the court entered an order granting temporary custody of the child to one of the child-caring institutions of Portland.

The plaintiff filed a motion on May 3, 1935, to vacate the order of the court entered on June 13, 1934, giving temporary custody of the child to the institution above named, and to restore custody of the child to her. It was shown by the accompanying affidavits that plaintiff had remarried some five months before filing the motion, that with her husband she was living in a comfortable, clean home and that her husband was earning sufficient income to support her and the child.

Many affidavits were presented to the court from the date of defendant's request for a modification of the decree, up to and including the early part of June, 1935, concerning the fitness or lack of fitness of the plaintiff to have the child's custody. Most of the affidavits filed on behalf of the defendant tending to disparage plaintiff's character and reputation had reference to her alleged escapades between the dates of the divorce and her remarriage. The most damaging evidence against her was furnished by an affiant who later signed another affidavit stating that what he had said against plaintiff's moral character in his earlier affidavit was untrue.

The court on July 2, 1935, vacated its order awarding temporary custody of the child to the baby home and restored it to the mother. This action was based upon the court's finding that the mother, since her remarriage, was a fit and proper person to have the care and

custody of the child. No good purpose would be served by referring in detail to the statements contained in the numerous affidavits filed in this case. It is sufficient to say that we are satisfied that the court committed no error in refusing to modify the decree of divorce awarding custody of the child to the plaintiff or in vacating its order giving temporary custody of the child to the baby home. The orders appealed from are affirmed.

CAMPBELL, C. J., and BEAN and RAND, JJ., concur.